IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| CHARTER OAK FIRE | : |
| INSURANCE CO. | : |
| | : |
| v. | : Civil No. JKS 09-1894 |
| | : |
| MARLOW LIQUORS, LLC, et al. | : |
| | : |

## MEMORANDUM OPINION

This case has been referred to me by consent of the parties for all further proceedings. Dkt. No. 15. Presently pending is third party Defendant Marlow Wing House & Sports Bar, Inc.'s (Marlow Wing House) Motion to Dismiss Third Party Complaint,[1] Dkt. No. 37, and third party Defendant Mona Electric Group, Inc.'s (Mona Electric) Motion for Summary Judgment. Dkt. No. 54. The motions are fully briefed, and no hearing is deemed necessary. *See* Local Rule 105.6. For the reasons stated below, both motions will be denied.

**I.  Background.**

The facts are uncontroverted or construed in the light most favorable to third party Plaintiffs, Marlow Liquors, LLC, and Marlow Liquors, Inc. (Marlow Liquors). This diversity action arises from a fire which occurred on June 17, 2008, at the Marlow Heights Shopping Center, Prince George's County, Maryland. Dkt. No. 1, ¶ 8; Dkt. No. 32, ¶ 1. The fire occurred on the premises of Marlow Liquors, located at 4141 Branch Avenue, Marlow Heights Shopping Center, and caused substantial damage to Marlow Liquors' property. Dkt. No. 32, ¶ 32. The fire also damaged the adjacent business, Marlow Wing House, located at 4147 Branch Avenue, Marlow Heights Shopping Center. Dkt. No. 1, ¶ 8; Dkt. No. 32, ¶ 1. Plaintiff Charter Oak Fire

---

[1] Marlow Wing House failed to cite the authority under which it filed its motion to dismiss. After reviewing the motion, I have decided to treat it as a motion to dismiss pursuant to Rule 12(b)(6), particularly in view of the fact that discovery has not been completed. *See* FED. R. CIV. P. 56(f).

Insurance Company, having paid damages to Marlow Wing House, commenced a subrogation action against Marlow Liquors, seeking damages for Marlow Liquors' alleged negligence in connection with the fire. Dkt. No. 1, ¶ 9; Dkt. No. 32, ¶ 1.

The Third Party Complaint filed by Marlow Liquors alleges that the spaces occupied by Marlow Wing House and Marlow Liquors at the time of the fire previously had been occupied by a single package liquor store, owned and operated by Ricker-Marlow, Inc. (Ricker-Marlow). Dkt. No. 32, ¶ 16.[2] At some time prior to August 4, 2006, Ricker-Marlow, Mr. Ricker, and/or Marlow Wing House decided to subdivide the package liquor store space to accommodate a smaller package liquor store, to be owned and operated by Marlow Liquors, and a bar, to be owned and operated by Marlow Wing House. Dkt. No. 32, ¶¶ 19-20; Dkt. No. 51, p. 3. To avoid paying for the electricity consumed by Marlow Liquors, Ricker-Marlow, Mr. Ricker, and/or Marlow Wing House arranged for the installation of an electric meter in Marlow Liquors' subdivided space. Dkt. No. 32, ¶ 22; Dkt. No. 51, p. 3. The complaint alleges that the installation, repair, and/or inspection of the meter was performed by Ricker-Marlow, Mr. Ricker, Marlow Wing House, and/or other electrical contractors, including Mona Electric. Dkt. No. 32, ¶¶ 21, 23, 27.

The complaint alleges that on or about August 4, 2006, Marlow Liquors acquired the assets of Ricker-Marlow, Inc. and took possession of the subdivided space. Dkt. No. 32, ¶ 29. In conjunction with occupying the subdivided space, Marlow Liquors and Ricker-Marlow, by and through Mr. Ricker, executed an Assignment and Assumption of Lease in which Marlow

---

[2] At all relevant times, Ricker-Marlow acted through its Director, John A. Ricker (Mr. Ricker). Dkt. No. 32, ¶ 38. Ricker-Marlow's Articles of Incorporation indicate Thomas B. Ricker as the Director and Marlow Liquors contends that Thomas B. Ricker passed away and was succeeded by John A. Ricker. Dkt. No. 32, ¶¶ 9-13; Dkt. No. 37, Ex. 1, Art. V.

Liquors agreed to assume the existing lease obligations of Ricker-Marlow. *Id.* at ¶ 30.

The fire is alleged to have occurred because the meter conductor and/or meter socket were inadequate for the load placed upon it. *Id.* at ¶ 34. The complaint alleges that Ricker-Marlow was required to shoulder the cost of the fire, Dkt. No. 32, ¶¶ 45-49; Ex. A, but has forfeited its status as a Maryland corporation and is no longer available to honor its commitments to Marlow Liquors. Dkt. No. 51, p. 3. Marlow Liquors alleges that Marlow Wing House is liable in contract as a continuation and successor of Ricker-Marlow, Dkt. No. 32, ¶ 39, and in tort for neglect of its duty to properly install the meter. *Id.* at ¶¶ 65, 66. As noted, Mona Electric is one of several defendants alleged to have installed and/or inspected the faulty meter conductor and/or socket. *Id.* at ¶ 27.

### III. <u>Marlow Wing House's Motion to Dismiss</u>.

A. Standard of Review.

The purpose of a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6) is to test the sufficiency of the plaintiff's complaint. *See Edwards v. City of Goldsboro*, 178 F.3d 231, 243 (4th Cir. 1999). A complaint need only satisfy the "simplified pleading standard" of Rule 8(a), *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 513 (2002), which requires a "short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Nevertheless, "Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 n. 3 (2007). That showing must consist of more than "a formulaic recitation of the elements of a cause of action" or "naked assertion[s] devoid of further factual enhancement." *Ashcroft v. Iqbal*, --- U.S. ----, ----, 129 S.Ct. 1937, 1949 (2009) (internal citations omitted). Plaintiff must set forth "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has

3

facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S.Ct. at 1949.

In its determination, the court must consider all well-pleaded allegations in a complaint as true, *Albright v. Oliver*, 510 U.S. 266, 268 (1994), and must construe all factual allegations in the light most favorable to the plaintiff. *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d 776, 783 (4th Cir. 1999) (citing *Mylan Labs., Inc. v. Matkari*, 7 F.3d 1130, 1134 (4th Cir. 1993)). However, the court need not accept unsupported legal assertions, *Revene v. Charles County Comm'rs*, 882 F.2d 870, 873 (4th Cir. 1989), legal conclusions couched as factual allegations, *Iqbal*, 129 S.Ct. at 1950, or conclusory factual allegations unsupported by reference to actual events. *United Black Firefighters v. Hirst*, 604 F.2d 844, 847 (4th Cir. 1979). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not 'show[n] . . . that the pleader is entitled to relief.'" *Iqbal*, 129 S.Ct. at 1950 (quoting FED. R. CIV. P. 8(a)(2)). Thus, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

On a motion to dismiss pursuant to FED. R. CIV. P. 12(b)(6), a district court generally may not consider any material beyond the pleadings. *See Phillips v. LCI Int'l, Inc.*, 190 F.3d 609, 618 (4th Cir. 1999). Documents attached to the complaint are properly considered on a motion to dismiss. FED. R. CIV. P. 10(c). The court may consider material attached to the motion that "was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity," *Phillips v. LCI Int'l, Inc.*, 190 F.3d at 618 (internal citations omitted), and may take judicial notice of "matters of public record." *Haley v. Corcoran*, 659 F. Supp. 2d 714, 721

4

n. 4 (D. Md. 2009) (citations omitted). Marlow Wing House attached copies of Ricker-Marlow and Marlow Wing House's Articles of Incorporation, Dkt. No. 37, Exs. 1-2,[3] which the court will consider because the third party complaint made specific reference to their contents and the parties do not contest the facts they contain.

B. Discussion.

Marlow Wing House argues that the court should dismiss the claim for breach of contract because it was not a party to any of the contractual agreements between Marlow Liquors and Ricker-Marlow, and because it was, and is, an entity separate from Ricker-Marlow. Marlow Liquors responds that Marlow Wing House is the continuation and successor of Ricker-Marlow.

Under Maryland law,[4] the rule of successor liability provides that:

> a corporation which acquires all or part of the assets of another corporation does not acquire the liabilities and debts of the predecessor, unless: (1) there is an express or implied agreement to assume the liabilities; (2) the transaction amounts to a consolidation or merger; (3) the successor entity is a mere continuation or reincarnation of the predecessor entity; or (4) the transaction was fraudulent, not made in good faith, or made without sufficient consideration.

*Nissen Corp. v. Miller*, 323 Md. 613, 617 (1991) (citations omitted). Factors that give rise to the mere continuation or continuity exception include, among others, "common officers, directors, and stockholders; and only one corporation in existence after the completion of the sale of assets." *Baltimore Luggage v. Holtzman*, 80 Md. App. 282, 291, *cert. denied*, 318 Md. 323, 568 A.2d 28 (1990). The key is the continuation of the corporate entity rather than continuation of

---

[3] Marlow Wing House's motion to dismiss included a third exhibit: John A. Ricker's Affidavit in Support of the Motion to Dismiss. Dkt. No. 37, Ex. 3. This exhibit is neither a matter of public record, nor does Marlow Liquors agree with all statements contained in the affidavit. Thus, the court will not consider the affidavit in ruling on the motion to dismiss.

[4] The substantive law of Maryland applies in this diversity action.

the business operation. *Nissen*, 323 Md. at 620. The policy underlying the exception is that:

> whenever there is a transfer of assets, the rights of a creditor must be protected. The 'mere continuation' [or continuity of entity] exception reinforces this policy by allowing a creditor to recover from the successor corporation whenever the successor is substantially the same as the predecessor. The exception is designed to prevent a situation whereby the specific purpose of acquiring assets is to place those assets out of reach of the predecessor's creditors. In other words, the purchasing corporation maintains the same or similar management and ownership but wears a 'new hat.' To allow the predecessor to escape liability by merely changing hats would amount to fraud.

*Id.* at 618-19 (citing *Baltimore Luggage*, 80 Md. App. at 296-97) (internal citation omitted). In *Baltimore Luggage*, the Court of Special Appeals of Maryland found that there was no continuity of entity after Baltimore Luggage sold all of its stock to Carl Marks & Co. because there was a change in ownership and management, Carl Marks & Co. eliminated the manufacturing part of the business, both corporations remained in existence after the sale, and sufficient consideration changed hands. *Baltimore Luggage*, 80 Md. App. at 298-99.

To survive the motion to dismiss, Marlow Liquors need only present sufficient facts to state a claim, plausible on its face, that Marlow Wing House is a continuation and successor of Ricker-Marlow. Here, it is alleged that both corporations claim similar purposes, have directors who share the same last name, occupied the same space, and that only Marlow Wing House still exists. These allegations are sufficient to permit a reasonable inference that Marlow Wing House is a continuation and successor of Ricker-Marlow for purposes of a motion to dismiss.

To state a claim for negligence, a plaintiff must allege that: 1) the defendant was under a duty to protect the plaintiff from injury; 2) the defendant breached that duty; (3) the plaintiff suffered actual injury or loss; and (4) the loss or injury proximately resulted from the defendant's breach of the duty. *RLI Ins. Co. v. John H. Hampshire, Inc.*, 461 F. Supp. 2d 364, 367 (D. Md.

6

2006) (citing *Valentine v. On Target, Inc.*, 353 Md. 544, 549, 727 A.2d 947 (1999)). While bald and conclusory allegations will not suffice, Marlow Liquors has provided the requisite degree of specificity under the "notice pleading" standard of Rule 8(a) by alleging that Marlow Wing House and/or other Defendants installed or inspected the meter conductors and/or meter socket which caused the fire. At this stage of the proceedings, these allegations permit the inference that Marlow Wing House is liable for negligence.

**III.     Mona Electric's Motion for Summary Judgment.**

Claiming that it is "undisputed that Mona Electric never performed any work at or near Marlow Liquors' package liquor store," Dkt. No. 54, p. 4, Mona moves for summary judgment. As evidentiary support for its motion, Mona Electric relies on its sworn answers to interrogatories, which state that it performed work only at 4147 Branch Avenue, repairing a blown fuse at the Wing House and not entering the Marlow Liquors premises at 4141 Branch Avenue, and an invoice/work summary identifying the work performed. *Id.,* Ex. 1. Marlow Liquors responds that the motion is premature since discovery has not been completed, submitting counsel's sworn statement that discovery will not be completed for several months, and that Marlow Liquors "intends to explore the question of whether Mona played any part in the inspection, repair or installation of the defective meter" in discovery. Dkt. No. 56, Ex. B. The response also asserts that the properties had not been subdivided at the time of Mona Electric's service call, that the work order and invoice are directed to Marlow Liquors, and that the timing, nature, and location of the installation of the faulty meter are not yet clear. *Id.* at 6-7. In reply, Mona Electric states only that Marlow Liquors is "in the best position *at present"* to state whether Mona Electric performed work in its store. Dkt. No. 59.

Summary judgment is appropriate if "the pleadings, depositions, answers to

7

interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." FED. R. CIV. P. 56(c). When ruling on a motion for summary judgment, the court must construe the facts alleged in the light most favorable to the party opposing the motion. *See United States v. Diebold*, 369 U.S. 654, 655 (1962). The burden is on the moving party to demonstrate the absence of any genuine issue of material fact. *Pulliam Invest. Co. v. Cameo Properties*, 810 F.2d 1282, 1286 (4th Cir. 1987). A moving party who will not have the burden of proof at trial need only point to the insufficiency of the other side's evidence, thereby shifting the burden of raising a genuine issue of fact by substantial evidence to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

A party who will have the burden of proof at trial, on the other hand, must make a showing sufficient to establish the existence of the essential elements of its claim or defense. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The existence of only a "scintilla of evidence" is not enough to defeat a motion for summary judgment. *Peters v. Jenney*, 327 F.3d 307, 314 (4th Cir. 2003). To defeat the motion, the party opposing summary judgment must submit evidentiary materials showing facts on the basis of which the finder of fact could reasonably decide the case in its favor. *Anderson*, 477 U.S. at 252. If a party fails to make a showing sufficient to establish the existence of an essential element on which that party will bear the burden of proof at trial, summary judgment is proper. *Id.*

Summary judgment must generally "be refused where the nonmoving party has not had the opportunity to discover information that is essential to his opposition." *Harrods Ltd v. Sixty Internet Domain Names,* 302 F.3d 214, 244 (4th Cir. 2002), *quoting Anderson v. Liberty Libby, Inc.,* 477 U.S. at 250 n 5. A party opposing summary judgment accordingly may show, by

8

affidavit, that it cannot at present submit facts essential to justify its opposition, and seek a continuance to enable appropriate discovery to be had.  FED. R. CIV. P. 56(f); *Harrods,* 302 F.3d at 244; *see also Pine Ridge Coal Co. v. Local 8377, United Mine Workers of Am.,* 187 F.3d 415, 421-22 (4th Cir. 1999).

Marlow Liquors has not yet obtained discovery on the question whether Mona Electric was involved in the installation and/or inspection of the defective meter.  The evidence submitted by Mona Electric is clearly not preclusive on that question; indeed, Mona Electric's reply notes only that Marlow Liquors has no evidence of its involvement *at present*, and Mona Electric itself joined the recent request to extend the discovery deadline until March 21, 2011.  Dkt. No. 57.  In light of Marlow Liquors' need for further discovery on the factual issues regarding responsibility for the defective meter, the motion for summary judgment is denied, without prejudice, as premature.

## IV.     **Conclusion**.

For the foregoing reasons, Marlow Wing House's motion to dismiss Marlow Liquors' third party complaint, and Mona Electric's motion for summary judgment, will be denied.


Date:  June 1, 2010                                         /S/                         
                                                                  JILLYN K. SCHULZE
                                                                  United States Magistrate Judge